CONNECTICUT MUTUAL LIFE INSURANCE COMPANY, Respondent, vs. GOLDSMITH, imp., Appellant.
SAME, Appellant, vs. SAME, imp., Respondent.

*February 20—March 19, 1907.*

*Mechanics' liens: Foreclosure sale: Title acquired by purchaser: Inchoate dower right previously acquired by mortgagee: Privity.*

1. After the entry of judgment of foreclosure of a mortgage of land executed by the owner and his wife, the mortgagee was made a party to an action to foreclose certain mechanics' liens and judgment was entered therein adjudging that said liens were prior to all other claims, that the premises be sold to satisfy said liens, and that on sale the rights of all parties, including the mortgagor and mortgagee, be barred and foreclosed. Thereafter at the sale on foreclosure of the mortgage the premises were purchased by the mortgagee, and afterwards they were sold under the judgment of foreclosure of the mechanics' liens. *Held*, that under the sale on foreclosure of the mortgage the mortgagee acquired the interest of the mortgagor discharged of all inchoate right of dower in the mortgagor's wife, and that such inchoate right of dower was not revived by the foreclosure of the mechanics' liens, but, under secs. 3321, 3324, 3326, Stats. (1898), passed to the purchaser at the mechanic's lien sale.

2. Privity between the mortgagee and the purchaser at the mechanic's lien sale was established by the statutes mentioned.

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Affirmed on defendant's appeal; reversed on that of plaintiff.*

This action was brought by the plaintiff, *Connecticut Mutual Life Insurance Company,* June 24, 1898, to foreclose a mortgage upon the property described in the complaint, situate in the city of Milwaukee, Wisconsin, against the appellant *Alpha O. Goldsmith,* impleaded with others. The facts in the case, so far as they have any bearing upon the questions necessary to consider on these appeals, are few, simple, and undisputed.

On November 25, 1891, prior thereto, and thereafter the defendant Bernard Goldsmith was the owner of the premises in question. On November 25, 1891, various mechanics' liens attached to the premises. On June 17, 1893, defendant Bernard Goldsmith and appellant *Alpha O. Goldsmith,* his wife, mortgaged the premises to the plaintiff to secure $190,000 and interest, which mortgage was duly recorded. On August 10, 1893, suits were commenced for the foreclosure of the mechanics' liens existing against the premises. On October 21, 1893, defendant Bernard Goldsmith and appellant *Alpha O. Goldsmith* mortgaged the premises to B. K. Miller, trustee, to secure $175,000. On July 31, 1896, Miller, trustee, brought suit to foreclose his mortgage above referred to, and duly joined as defendants the defendant herein Bernard Goldsmith and appellant *Alpha O. Goldsmith.* On September 12, 1896, judgment of foreclosure in the usual form was entered in the suit of B. K. Miller, trustee, against Bernard Goldsmith and wife, decreeing that the premises be sold to pay the claim of Miller amounting to $167,832, and that the defendants therein be barred of all their interest in the premises described in the complaint. On November 19, 1896, notice of *lis pendens* was filed in the mechanic's lien suit, and on November 20, 1896, Miller, trustee, was joined as a defendant. On June 12, 1897, judgment was entered in the mechanic's lien suit, by which it was determined that there was due the several lienholders, in the aggregate, the sum of $57,655.27, which sums were liens on the premises prior to all other claims and mortgages, and that said liens attached November 25, 1891, and the judgment provided that the premises be sold to satisfy the liens, and that on sale the rights and claims of all parties, including Bernard Goldsmith, the *Connecticut Mutual Life Insurance Company,* and B. K. Miller, trustee, be forever barred and foreclosed. On November 1, 1897, the premises were sold under the judgment entered in the foreclosure suit brought by Miller, trus-

tee, and bid in by Miller, and a conveyance made to him by the sheriff, which sale was duly confirmed. On June 25, 1900, the premises were sold under judgment in the suit for the foreclosure of mechanics' liens, and the premises purchased by the plaintiff, *Connecticut Mutual Life Insurance Company*.

In the present action, brought to foreclose the $190,000 mortgage executed to the plaintiff, the judgment entered determined that there was due the plaintiff the sum of $228,110.73; that the plaintiff's mortgage was not merged in the free title it had acquired under the sale in the mechanic's lien action, and that the inchoate dower interest of appellant *Alpha O. Goldsmith* still existed in the premises, but was subject to the plaintiff's mortgage, and should be barred by the foreclosure sale. The appellant *Alpha O. Goldsmith* appealed from the whole of this judgment, and the plaintiff appealed from that portion thereof decreeing that appellant *Alpha O. Goldsmith* had an inchoate dower in the premises.

For the plaintiff there was a brief by *Nath. Pereles & Sons*, attorneys, and *Turner, Hunter & Goff*, of counsel, and oral argument by *C. F. Hunter*.

For the defendant there were briefs by *Miller, Mack & Fairchild*, and oral argument by *W. D. Hickman* and *A. W. Fairchild*.

KERWIN, J. The controlling question upon both appeals in this case is whether the inchoate right of dower of the appellant *Alpha O. Goldsmith* was extinguished by the foreclosure in the mechanics' lien suit. It is claimed on the part of the plaintiff that it was, while on the part of the appellant *Alpha O. Goldsmith* it is insisted that the foreclosure and sale under the mechanics' liens, upon the undisputed facts, operated to revive in the appellant *Alpha O. Goldsmith* her inchoate dower interest which she had released in the mort-

gage to B. K. Miller, trustee, in which she joined with her husband. There is no claim here on the part of the plaintiff that the inchoate right of dower of the appellant *Alpha O. Goldsmith* could be cut off by a mere foreclosure of the mechanics' liens without a release in any manner of her right of dower. But the claim of plaintiff is that the interest of B. K. Miller, under his mortgage from defendant Bernard Goldsmith and wife, passed to the plaintiff under the foreclosure and sale in the mechanic's lien action. It appears from the statement of facts that B. K. Miller held a mortgage from Bernard Goldsmith and wife, *Alpha O. Goldsmith,* subequent to the mechanics' liens, and that this mortgage was foreclosed, and a judgment entered in favor of Miller barring and foreclosing all the right, title, and interest of Bernard Goldsmith and the appellant *Alpha O. Goldsmith* in the premises described in the mortgage. Subsequent to the entry of said judgment Miller was joined as defendant in the mechanic's lien action, and judgment was thereafter rendered in such action adjudging that the premises described in the complaint and all the right, title, and interest of the defendants, including the defendant B. K. Miller, or any, person claiming under them, be sold in accordance with the provisions of the statute for sale under foreclosure of mechanics' liens, and that all the defendants and all persons claiming under them, or either of them, be forever barred and foreclosed of all right, title, interest, and equity of redemption in the premises. Under this judgment the property was sold and purchased by plaintiff.

A very able and interesting argument is made by counsel for appellant *Alpha O. Goldsmith* to the point that the foreclosure of the mechanics' liens operated to revive the inchoate right of dower of *Mrs. Goldsmith,* and some stress is placed upon the fact that the plaintiff bid in the property at the mechanic's lien sale, and that the judgment in the mechanic's lien action was entered prior to the sale under the B. K. Mil-

ler mortgage, and that there was no privity between the plaintiff and B. K. Miller. But we think secs. 3321, 3324, 3326, Stats. (1898), establish the privity and are decisive of the question. Sec. 3324 provides that the interest of the owner of the premises at the time of the commencement of the work, or which "he or any person claiming under him has since acquired," shall be sold. B. K. Miller, through his judgment of foreclosure under his mortgage, acquired the interest of the defendant Bernard Goldsmith discharged of all inchoate right of dower of *Alpha O. Goldsmith,* and this interest under the statute was subject to the mechanics' liens, since it was an interest held by a person claiming under the defendant Bernard Goldsmith and acquired after the liens attached. The fact that Miller bought in under the sale on his foreclosure judgment subsequent to the judgment in the mechanic's lien action does not better *Alpha O. Goldsmith's* position, since whatever rights Miller got by his judgment or under it were subject to the rights of the mechanic's lien claimants. Miller, by the foreclosure and sale under his mortgage, acquired all the interest of Bernard Goldsmith and *Alpha O. Goldsmith,* and such interest passed under the sale in the mechanic's lien action to the plaintiff by force of secs. 3321, 3324, 3326, 3169, Stats. (1898). *Tallman v. Ely,* 6 Wis. 244. The argument of counsel for appellant *Alpha O. Goldsmith* seems to be that the title of Miller through the mechanic's lien action was defeated, that the mechanic's lien action was hostile to the claim of Miller under his mortgage, and that when his rights under the mortgage were barred the dower interest was revived. But we think this result by no means follows. We think the provisions of the statutes above referred to clearly mean that the purchaser under a mechanic's lien sale takes the interest acquired subsequently to the attaching of the liens by any person claiming under the owner of the premises subsequent to the doing of the work or the furnishing of the materials. The interest of Miller un-

der his mortgage was clearly one which accrued under Bernard Goldsmith since the mechanics' liens attached, and, therefore, under the statutes above referred to, was subject to the mechanics' liens.

Sec. 3321, Stats. (1898), respecting actions for the foreclosure of mechanics' liens, provides that all persons having liens upon the premises by mortgage, judgment, or otherwise subsequent to the lien sought to be foreclosed may be joined as parties defendant. Sec. 3324, respecting judgments in mechanic's lien actions, provides that the judgment shall direct that the interest of the owner of the premises at the time of the commencement of the work or furnishing the materials, "or which he or any person claiming under him has since acquired, . . . be sold to satisfy the amount of the lien of the plaintiff. . . ." Sec. 3326 provides how sales under such judgments shall be made, and that such sales shall be absolute and without redemption, and that the deed given thereon in case the sale is confirmed "shall be effectual to pass to the purchaser all the interest in the premises directed to be sold."

It appears that the judgment in the mechanic's lien action, and under which the plaintiff derived title, was in the usual form, and clearly embraced all the interest which Miller acquired under his mortgage foreclosure. Miller under the foreclosure of his mortgage acquired all the interest of the mortgagors in the premises. Sec. 3169 provides that such deed "shall vest in the purchaser all the right, title and interest of the mortgagor, his heirs, personal representatives and assigns in and to the premises sold and shall be a bar to all claim, right or equity of redemption therein, of and against the parties to such action, their heirs and personal representatives, and also against all persons claiming under them subsequent to the filing of the notice of the pendency of the action in which such judgment was rendered." We therefore see no escape from the conclusion that the inchoate dower in-

terest of appellant *Alpha O. Goldsmith* was extinguished and passed to Miller under his mortgage and was not revived by the mechanic's lien judgment, but passed to the purchaser under the mechanic's lien sale. Numerous other questions are discussed upon these appeals, but we do not consider them material from the view we take of the case. Since *Alpha O. Goldsmith,* appellant, has no inchoate dower interest in the premises, she is not prejudiced by the judgment. From what has been said it follows that the judgment must be affirmed on appeal of *Alpha O. Goldsmith* and reversed on plaintiff's appeal.

*By the Court.*—The judgment is reversed, and the cause remanded with instructions to enter judgment in conformity with this opinion; the plaintiff to recover costs.